Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4366 | **DATE** | 1/9/2004 |
| **CASE TITLE** | Dugan vs. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby denies plaintiff's motions for waiver of filing fees, motions for a preliminary injunction, motion for temporary restraining order, class certification, for appointment of counsel and motion for discovery order. The Court grants defendants' motion to dismiss plaintiff's claims for injunctive relief.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JAN 12 2004 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| MW | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 45

BRIAN DUGAN, )
)
       Plaintiff, )
)
v. ) No. 03 C 4366
)
KENNETH BRILEY, et al., )
)
       Defendants. )

**DOCKETED**
JAN 1 2 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Brian Dugan's ("Dugan") motion for waiver of filing fees, motion for a preliminary injunction, motion for a temporary restraining order, motion for class certification, motion for appointment of counsel, and motion for a discovery order. Defendants have also filed a motion to dismiss Dugan's claims for injunctive relief. For the reasons stated below we deny Dugan's motions and grant Defendants' motion to dismiss Dugan's claims for injunctive relief.

### DISCUSSION

I. Motion to Waive Filing Fee

Dugan's motion to waive a filing fee is denied, pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Dugan's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Dugan's trust fund account and pay it

1

45

directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where Dugan is confined is directed to collect monthly payments from Dugan's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Dugan's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Dugan. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Fiscal Dept., and shall clearly identify Dugan's name and the case number assigned to this action.

II. Motion for Partial Dismissal

Defendants have moved to dismiss Dugan's claims for injunctive relief. In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 444-45 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A complaint filed by a *pro se* plaintiff is entitled to a liberal interpretation and will not be held to the same standard that is applied for

2

complaints that are prepared by counsel. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

Dugan's complaint alleges that Defendants are violating his constitutional rights by denying him and other protective custody inmates at Stateville Correctional Center ("Stateville") access to the same programs and services at Stateville as the general population inmates have. However, Dugan is no longer incarcerated at Stateville. The IDOC transferred him to Pontiac Correctional Center ("Pontiac"). He has also been placed in segregation at Pontiac as a result of a disciplinary action stemming from his refusal to submit to mandatory DNA testing which is required for all IDOC residents. Dugan is thus no longer in protective custody status. Therefore, his claims for injunctive relief are now moot and Defendants' motion for dismissal of Dugan's claims for injunctive relief is granted.

## III. Motion for Preliminary Injunction

Plaintiff has also sought a preliminary injunction. A movant seeking a preliminary injunction has the burden of establishing: 1) a likelihood of success on the merits, 2) that the movant has no adequate remedy at law, and 3) that the movant will suffer irreparable harm if the preliminary injunction request is not granted. *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 803-04 (7th Cir. 2002); *Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000). If the movant meets the above burden, then the court must consider the potential irreparable harm to the non-movant if the court were to grant the preliminary injunction and the court must consider whether the preliminary injunction is in the best interest of the pubic. *AM General Corp.*, 311 F.3d at 803-04. If the court in assessing the likelihood of success on the

merits factor, determines that the plaintiff has a "greater than negligible chance of winning" then the court should turn to a "sliding scale" analysis and balance the likelihood of success and the potential harms caused by granting or not granting the motion for preliminary injunction. *Id.* As stated above, Dugan is no longer incarcerated at Stateville in protective custody where the alleged deprivation of his constitutional rights occurred. Therefore, Dugan failed to show that he would suffer irreparable harm if the preliminary injunction is not granted. Dugan has also failed to show a likelihood of success on the merits or that he has no adequate legal remedy at law. For these reasons, his motions for a preliminary injunction and for a temporary restraining order are denied.

## IV. Motion for Class Certification

A class action may be maintained if:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

Dugan has failed to show that the numerosity prerequisite is met in this case. Defendants indicate that as of October 9, 2003, there were only 19 inmates in protective custody at Stateville and only 7 of those in protective custody are categorized as Class III inmates as was Dugan. Also, every inmate that was ever in protective custody at Stateville is not a prospective class member in this case. Only the inmates that suffered the alleged constitutional deprivations are potential plaintiffs and Dugan has not shown that the number of such inmates is numerous.

Dugan has also failed to show that his claims are typical of the other class members or

4

that the proposed class members' claims involve common issues of fact or law. Dugan's situation is somewhat unique in that he is no longer incarcerated at Stateville, he is no longer in protective custody, and he cannot seek any injunctive relief in this case. Also, each claim in this action brought by a potential class member that is or was incarcerated in Stateville's protective custody may involve a unique set of facts regarding how often and when the inmate was denied benefits that were available to the general prison population. Each claim may also differ in regards to what benefits were allegedly denied and what prison personnel was responsible for allegedly denying the inmate access to the benefits. In addition, the type and amount of injury to each potential class member may vary greatly. Finally, the main focus for most class members will likely be to obtain injunctive relief rather than to seek monetary compensation. Class members currently in protective custody will be interested in obtaining access to the benefits at the prison available to the general prison population and, as stated above, Dugan cannot obtain injunctive relief. Thus, Dugan has failed to show that his claim is typical of members of the class or that class members' claims involve the same facts or law. Nor has Dugan shown that he can adequately represent and protect the interests of the other potential class members.

Finally, even if Dugan could meet the requirements of Rule 23(a) he must also show that a class action is appropriate for one of the reasons listed in paragraph (b) of Rule 23. Fed. R. Civ. P. 23(b). Dugan has not shown that the prosecution of separate actions by individual plaintiffs will result in inconsistent adjudications or that if individual class member filed separate suits, that the results would affect the interests of other class members or impair the other class members' ability to protect their own interests. The Defendants have not refused to act on grounds generally applicable to the proposed class which would make a class action appropriate. Dugan has not shown that "questions of law or fact common to the members of the class predominate over any question affecting only individual members, and that a class action is

superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In fact, as indicated above, the differences far outweigh any similarities. Thus, Dugan has failed to show that any of the alternatives in paragraph (b) of Rule 23 are applicable in the instant case. For these reasons, Dugan's motion to certify a class is denied.

V. Motion for Appointment of Counsel and for Discovery Order

Dugan also filed a motion for appointment of counsel. A civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). The Seventh Circuit provides the following non-exclusive list of five factors to consider when deciding whether to appoint counsel: "(1) the merits of the indigent's claim; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint." *Jackson v. County of McClean*, 953 F.2d 1071, 1072 (7th Cir. 1992)(citing *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)); *see also Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)(stating that the appointment of counsel standard can be distilled to whether there are "'exceptional circumstances' as determined by 'an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'")(quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)).

We find that this case does not involve the type of complexity that would warrant an appointment of counsel and that Dugan has not shown that his claim has sufficient merit to warrant appointment of counsel. Therefore, we deny Dugan's motion for appointment of

6

counsel. Dugan's motion for a discovery order is also denied because he failed to comply with Local Rule 37.2 which requires him to file a statement indicating that he attempted to obtain the discovery and listing his unsuccessful attempts to obtain the requested discovery from Defendants.

## CONCLUSION

Based on the foregoing analysis, we deny Dugan's motion for waiver of filing fees, motion for a preliminary injunction, motion for a temporary restraining order, motion for class certification, motion for appointment of counsel, and motion for a discovery order. We grant Defendants' motion to dismiss Dugan's claims for injunctive relief.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 9, 2004