Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4366 | **DATE** | 5/10/2004 |
| **CASE TITLE** | Brian Dugan vs. Kenneth Briely, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the Court hereby denies the plaintiff's motion for reconsideration. Deadlines previously set are to stand. Enter Memorandum Opinion.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 11 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 63 |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN DUGAN, )
)
Plaintiff, )
)
v. ) No. 03 C 4366
)
KENNETH BRILEY, et al., )
)
Defendants. )

DOCKETED
MAY 11 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's motion for reconsideration of our January 9, 2004 ruling. We note that Plaintiff improperly entitled the instant motion as "Motion To Reconsider January 15, 2004 Memorandum Opinion." However, on January 15, 2004 this court merely set discovery and dispositive motions dates. The rulings that Plaintiff challenges in his instant motion were made on January 9, 2004. Since Plaintiff is acting *pro se*, we will interpret his pleadings liberally and we will not rule against him based on a technicality, and we will thus address the substance of his motion for reconsideration.

A motion for reconsideration filed within ten business days of a final judgment is a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 6; *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166-67 (7th

1

63

Cir. 1995). A motion for reconsideration filed more than ten business days after a final judgment is a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). *Id.* In this case Plaintiff filed his motion for reconsideration on January 26, 2004, which is more than ten business days after the January 9, 2004 ruling and the motion is properly deemed a Rule 60(b) motion. We note that even if Plaintiff had filed the motion within ten days, he has not shown that this court should alter its ruling under the Rule 59(e) standard either. Federal Rule of Civil Procedure 60(b) states the following:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., §§ 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion

as prescribed in these rules or by an independent action.

Fed. R. Civ. P. 60(b). We find the motion for reconsideration to be without merit because the majority of the arguments made in Dugan's motion for reconsideration are simply recitations of his arguments made in his original motions and to the extent that there are any novel arguments, Dugan has provided no explanation as to why he did not present the arguments in his original motions.

We also note that Dugan's arguments included within the motion for reconsideration are without merit. Dugan argues that this court erred in denying his motion for class certification. In regards to the numerosity element of certification, Dugan contends that we should not have relied upon statistical data included in an affidavit presented by Defendants because it is "not relevant." We disagree. The statistics were pertinent for the court's inquiry as to the number of inmates in protective custody at Stateville with a classification of Class III. Dugan contends that the court should have instead accepted statistics based upon his "personal observations." Dugan contends that Defendants' statistics were inaccurate, but he offers no support for this assertion other than that they do not match up with his "personal observations." Also, in his motion for class certification he merely states that the proposed class is approximately 150 members, but offers no support for this assertion. Dugan has not shown that we erred in considering the statistics offered by Defendants and Dugan has not met his burden of showing that the numerosity element should be deemed in his favor.

Dugan also argues that the court erred in regards to the typicality requirement. However, he offers no new arguments to support his assertion. Dugan's situation in this case is unique and is clearly not typical of the other potential class members.

Dugan also complains that we erred in dismissing his claims for injunctive relief as moot. Dugan inexplicably complains that the Defendants transferred him to "avoid the courts [sic] injunctive relief." Defendants state that Dugan is no longer incarcerated at Stateville Correctional Center and is no longer in protective custody. Dugan does not content otherwise. He simply argues that we should entertain his claim for injunctive relief because he had a live claim when he filed this action and that to dismiss the injunctive claim would be to "retroactively" moot his injunctive relief claim. There is nothing improper about the court's dismissal of the claim for injunctive relief. Dugan's injunctive relief claim is now moot. The court need not engage in the pointless exercise of determining whether Dugan should have received injunctive relief despite the fact that the issue is now moot.

Dugan repeatedly argues in his motion for reconsideration that the court should have ordered limited discovery in order to investigate whether class certification is appropriate. First of all, on the last page of Dugan's answer to Defendants' partial motion to dismiss the injunctive relief claims, Dugan listed what he sought from the court regarding the motion. Dugan never requested the limited discovery that he now asserts the court should have ordered, and thus, he apparently contends that the court erred in failing to sua sponte order additional discovery.

Second, even if Dugan had made such a request, we would not have considered such discovery appropriate in that instance. In addition, Dugan fails to cite any legal authority that places a requirement on a court to allow additional discovery in regards to every certification motion. We were aware that discovery was an alternative at the time of our prior ruling, but determined that discovery regarding the certification issue was not appropriate in that instance.

Dugan also argues that we erred in denying his motion for appointment of counsel. We have reviewed the arguments included in his instant motion. For the same reasons stated in our prior ruling we find that an appointment of counsel is not appropriate at this juncture.

## CONCLUSION

Based on the foregoing analysis, we deny the motion for reconsideration in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 10, 2004